1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   Concrete Management Corporation, a)        No. CV-08-0322-PHX-LOA
    Colorado Corporation,                    )
10                                           )    **AMENDED SCHEDULING**
                    Plaintiff,               )    **ORDER**
11                                           )
    vs.                                      )
12                                           )
                                             )
13  Double AA Builders of California, Inc., a)
    California   corporation;   Double   AA)
14  Builders, Ltd., an Arizona corporation, )
                                             )
15                  Defendants.              )
                                             )
16  _____)

17

18          This is the time set for informal Rule 16 scheduling conference. Plaintiff is

19  represented by counsel, Perry L. Goorman.  Defendants are represented by counsel, Michael

    J. Holden. Court reporter is not present.
20
            All parties have expressly consented in writing to magistrate-judge jurisdiction
21
    pursuant to 28 U.S.C. § 636 (c) and Rule 73, Fed.R.Civ.P., with the approval of United States
22
    District Judge Mary H. Murguia. (docket # 14)
23
            Informal discussions are held regarding the Court's case management practices,
24
    the importance of strict compliance with the Rule 16 deadlines, and the opportunity for an
25
    early settlement conference before another magistrate judge provided some preliminary
26
    discovery has been completed of key parties and witnesses to ensure that an early settlement
27
    conference is more meaningful. The Court and counsel discuss in detail the initial Rule 16
28

Scheduling Order, docket # 16, issued by the formerly-assigned district judge. Counsel confirm that both sides have complied with FED.R.CIV.P. 26(a)'s initial disclosures as ordered.

Counsel shall comply with the Electronic Case Filing Administrative Policies and Procedures' Manual and, in particular, General Policy B(4), so that the Court or chamber's staff may copy and paste from any motion.[1] It is only exhibits, such as, construction documents, police and medical records, and similar documents not prepared by counsel of record that may be scanned into the ECF system. When such documents are scanned in, the Court is unable to copy and paste into an order.

Counsel stipulate and agree to the following modifications to the initial Rule 16 Scheduling Order.

Pursuant to stipulation and good cause appearing,

**IT IS ORDERED** vacating in its entirety paragraph 8 of the initial Rule 16 Scheduling Order, docket # 16 at 4 - 5, subject to resetting the dates for filing motions *in limine*, the final Pretrial Order and Conference and jury trial after completion of all discovery or the Court's ruling on dispositive motions, if any. The first sentence of paragraph 6(a) is vacated in its entirety. (*Id*. at 3)

The Court hereby modifies the dates **only** of the initial Rule 16 Scheduling Order, docket # 16:

1. paragraph 2 to **Monday, June 30, 2008** regarding joining parties or amending pleading, *id*. at 1.

---

[1] B.  General Policies:

4. Documents submitted for filing in the ECF system must be in a Portable Document Format (.pdf). Documents which exist only in paper form may be scanned into .pdf for electronic filing. All electronic documents must be converted to .pdf directly from a word processing program (e.g., Microsoft Word® or Corel WordPerfect®) and must be text searchable.

ECF Manual, General Policies, (B)(4), at 3.

1       2. paragraph 4 to **Friday, April 3, 2009** regarding the completion of fact

2   discovery, *id*. at 2.

3       3. paragraph 5(a) to **Friday, October 3, 2008** regarding disclosure of

4   Plaintiff's expert(s) and Rule 26(a)(2)(B), Fed.R.Civ.P., report(s); paragraph (5)(b) to

5   **Friday, December 5, 2008** regarding disclosure of Defendants' expert(s) and Rule

6   26(a)(2)(B), Fed.R.Civ.P., report(s); and  paragraph (5)(c) to **Friday, February 6, 2009**

7   regarding disclosure of Plaintiff's true rebuttal expert(s) solely to contradict or rebut

8   Defendants' expert witness(es) and Rule 26(a)(2)(C), Fed.R.Civ.P., rebuttal report(s), *id*. at

9   3.

10      Each testifying expert witness (regardless of whether such expert witness has

11  or has not been specifically retained for this case, such as, a treating physician, or if the

12  expert is an employee of the calling party, such as, a concrete expert, shall provide a written

13  report to the adverse party setting forth the, at least, the requirements dictated by Rule

14  26(a)(2)(B). *Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd.*, 177 F.R.D.

15  459 (D. Minn. 1998).

16      Any expert witness not timely disclosed will not be permitted to testify unless

17  the party offering such witness demonstrates: (a) that the necessity of such expert witness

18  could not have been reasonably anticipated at the time of the deadline for disclosing such

19  expert witness; (b) the Court and opposing counsel or unrepresented party were promptly

20  notified upon discovery of such expert witness; and (c) that such expert witness was

21  promptly proffered for deposition. *Wong v. Regents of the University of California*, 379 F.3d.

22  1097 (9th Cir. 2004); Rule 37(c)(1), FED.R.CIV.P.

23      4. paragraph 5(d) to **Friday, April 3, 2009** regarding completion of expert

24  depositions, *id* at 3.

25      5.  paragraph 7(a)'s dispositive motion deadline to **Friday, June 5, 2009**, *id*

26  at 4.

27      All other orders set forth in the initial Rule 16 Scheduling Order are hereby

28  **AFFIRMED**.

1    Stipulations extending the time for the doing of any act required by the Court
2    or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval.
3    LRCiv. 7.3; *Gestetner Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D. Maine
4    1985)(good cause not shown to amend scheduling order); *Janicki Logging Co. v. Mateer*,
5    42 F.3d 561, 566 (9th Cir.1994)("Federal Rule of Civil Procedure 16 is to be taken
6    seriously"). These **deadlines are real**. The parties are advised that the Court intends to
7    enforce the deadlines set forth in this and the original Scheduling Order. Counsel should plan
8    their litigation activities accordingly. *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006
9    WL 2573201 *1 (D. Ariz. 2006). Continuances of these deadlines may be granted only upon
10   a showing of good cause and by leave of the assigned trial judge. Settlement negotiations,
11   however, do not constitute good cause.

12   **IT IS FURTHER ORDERED** that each side is limited to only one motion for
13   summary judgment that complies with the Local Rule's page limitations[2] unless express prior
14   leave of the Court is granted for good cause shown.

15   **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented,
16   shall hereinafter comply with the Rules of Practice for the United States District Court for
17   the District of Arizona, as amended on December 1, 2006, and the Standards of Professional
18   Conduct. The District's Local Rules and Standards may be found on the District Court's

23   / / /
24   / / /
25   / / /

28   [2] See, LRCiv 7.2(e).

internet web page at www.azd.uscourts.gov/. All other rules may be found at www.uscourts.gov/rules/.

**IT IS FURTHER ORDERED** that counsel shall use the above caption, number and initials on all further pleadings or documents filed herein until further order of the Court.

DATED this 15th day of May, 2008.

Lawrence O. Anderson
United States Magistrate Judge